NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

LESLIE METAL ARTS COMPANY,
INC., Respondent.

No. 75–1670.

United States Court of Appeals,
Sixth Circuit.

Feb. 20, 1976.

Elliott Moore, Deputy Associate Gen. Counsel, Alan Banov, N.L.R.B., Washington, D. C., Bernard Gottfried, Director, Region 7, N.L.R.B., Detroit, Mich., for appellant.

J. Michael Guenther, Charles C. Hawk, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., A. Robert Kleiner, Morse, Kleiner & DeYoung, Grand Rapids, Mich., for appellee.

Before EDWARDS, McCREE and MILLER, Circuit Judges.

## ORDER

This case is before the Court on application of the National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, as amended (29 U.S.C. Sec. 151 et seq.), for enforcement of its order against Leslie Metal Arts Company, Inc. The Board found that the Company violated Section 8(a)(5) and (1) of the Act by refusing to bargain with the Union, which had been certified as the exclusive bargaining representative of the Company's production and maintenance employees at its Plant # 4 in Grand Rapids, Michigan, following representation proceedings. The Board's decision and order is reported at 216 NLRB No. 158, 88 LRRM 1655.

Pursuant to the Union's petition, a representation election was held on November 7, 1973, resulting in the Union losing the election by two votes. Pursuant to timely objections filed by the Union, the Regional Director, after conducting an administrative investigation, ordered a hearing before a hearing officer.

The hearing officer issued a report finding that certain company conduct warranted the invalidation of the election. Such impermissible conduct included statements made by the Company's general manager, Donald Tassell, in a speech to all of the eligible voters two days before the election. It was found that Tassell in the course of his speech threatened the loss of jobs in the event of unionization and suggested to a pro-union employee that he seek employment elsewhere. The hearing officer found that Tassell's threats of plant closure reinforced similar statements regarding job security and shutdown of unionized plants contained in the Company's letter of October 23, 1973, which had been sent to the employees.

The hearing officer found further that various company supervisors had made direct threats of plant closure, threatened the assignment of extra work in the event of union victory, questioned employees as to their own and their fellow employees' union views, and made statements indicating that selecting the union as bargaining representative would be a futile act.

The Company on March 5, 1974, filed exceptions to the hearing officer's report and recommendations claiming, inter alia, that the Company was not served with a copy of the Union's objections, or given notice of the bases of the Union's objections by either formal objections or the Regional Director's notice of hearing.

The Board issued its decision on May 27, 1974, approving the hearing officer's rulings and directing that a second election be conducted. The second election conducted on July 17, 1974, resulted in a vote of 72 ballots for the Union and 42 against it, with 3 ballots being challenged. Although the Company filed objections to the second election, although the acting Regional Director investigated the Company's objections and concluded that they were without merit, and although the Company filed timely exceptions to the report, it did not request a hearing on its objections. Accordingly, on September 30, 1974, the Board issued a supplemental Decision and Certification of Representative in which it adopt-

ed the Regional Director's findings and certified the Union as bargaining representative. The Union then formally requested bargaining with the Company, but the Company refused and its refusal has been continued. Unfair labor practice charges were then filed by the Union and the General Counsel filed a complaint against the company alleging that it had violated Sec. 8(a)(5) and (1) of the Act by its refusal to bargain. In answer, the Company denied the unfair practice charges, and contended that the Board had erred in setting aside the first election. The case was then transferred to the Board which, on March 7, 1975, sustained the General Counsel's motion for summary judgment. The Board concluded that the Company had violated Sec. 8(a)(5) and (1) of the Act by refusing to bargain with the Union as the exclusive representative of its employees. Its order required the Company to cease and desist from refusing to bargain collectively with the Union and from interfering with its employees' Section 7 rights. The Company was also required to post the customary notices, etc.

The principal argument advanced by the Company before us is that the Board erred in voiding the first election since the Company was not served with a copy of the Union's objections or given proper notice of the grounds to be relied upon in challenging the first election. It is argued that the Company was entitled to be notified of the specific grounds on which the Union would rely at the hearing. The reliance by the hearing officer on the speech of the General Manager to the eligible voters two days before the first election is particularly challenged, since the Union's objections contained no reference to this speech and since the Company was therefore taken by surprise.

Upon examination of the entire record, we conclude that the Board's findings with respect to unfair labor practices on the part of the Company are supported by substantial evidence and that it did not err in setting the first election aside. While the objections of the Union to the first election did not indicate specifically

that the Tassell speech would be relied upon, it appears that evidence with respect to the nature of the speech was introduced by the Union, without objection, at the hearing, and that witnesses were examined and cross-examined on the subject. Nevertheless, the Company not only made no objection at the time, but it also made no effort to obtain a delay or continuance until it could prepare to refute the evidence concerning the speech.

In addition, the Union's letter to the Company of November 12, 1973, was sufficient to notify the Company of the general nature and character of the objections upon which the Union relied to claim invalidity of the election. Under the circumstances, we hold that the Company was not prejudiced or taken by surprise.

It is therefore Ordered and Adjudged that the Board's petition be sustained and that its order be enforced in full.